UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                         DECISION AND ORDER

                                                                         12-CR-6121L

                              v.

DOREE ALISON MC GEE,

                              Defendant.
_____

       Doree McGee ("McGee") is charged in an eight-count indictment relating to bank fraud and related crimes. This Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). McGee moved to suppress an identification of her that was made as a result of an identification procedure. Magistrate Judge Feldman conducted a suppression hearing at which Investigator James Frascati of the Irondequoit New York Police Department and Agent Robert Murphy, of the United States Secret Service, testified about an identification procedure in which an alleged co-conspirator, Cassandra Montrevel ("Montrevel") identified McGee from a photographic array containing six pictures.

       After the hearing, Magistrate Judge Feldman issued a Report and Recommendation (Dkt. #26) discussing the facts solicited at the hearing as well as the relevant law and recommended that McGee's motion to suppress should be denied.

       Defendant filed objections to the Report and Recommendation and the matter is now before this Court. I have reviewed the Magistrate Judge's Report and Recommendation, the objections filed, as well as the transcript of the suppression hearing conducted on August 6, 2013, which was

prepared for my review. In addition, I have reviewed the six-picture photograph array. After that review, I find no basis to reverse, modify or reject Magistrate Judge Feldman's recommendation and, therefore, I adopt it in full.

There is no evidence whatsoever that the procedures utilized when the array was shown to the witness was in any way suggestive. There is no evidence that the witness was prompted to make the identification that she made. The process of selecting the photographs and presenting them to the witness were proper.

Defendant suggests that the array was impermissibly suggestive because the defendant's photograph was at location No. 1. The fact that defendant was located in that spot is of no consequence and that location by itself does not make the array suggestive in any way. Six photographs were presented to the witness and, according to the testimony, she promptly picked defendant at spot No. 1.

I have reviewed the array and it seems quite fair. In fact, it appears to be an excellent example of a proper array. The array contained women who appeared to be about the same age, race and features. In fact, they all had the same shoulder length hair. In sum, the women depicted appear very similar.

I agree with Magistrate Judge Feldman that the photographic array was not impermissibly suggestive and that there was no untoward suggestions or prompting by those present at the presentation of the array. One of those individuals, who was present was Montrevel's attorney and there is no report whatsoever that he raised any objection to the procedure.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #26).

Defendant's motion to suppress the results of an identification procedure is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 16, 2013.